STATE, EX REL. HERBERT W. KNIGHT, v. THE BOARD OF
CHOSEN FREEHOLDERS OF OCEAN COUNTY.

1. The certificate of the judge of the Circuit Court is conclusive as to the
amount due the stenographer for services rendered in pursuance of
the provisions of sections 250 and 251 of the Practice act.   Upon the
presentation of the judge's certificate it is the duty of the board of
freeholders to pay the amount so certified.
2. It is the duty of the board of freeholders to pay the stenographer for a
copy of the evidence and proceedings in the trial of an indictment,
when it is certified by the Circuit judge, at a rate not exceeding ten
cents per folio, and also for the services rendered by the stenographer
to the prosecutor and his associate in preparing the case of the state.
3. The certificate of the judge being conclusive, *mandamus* is the appro-
priate remedy to enforce payment.
4. The only compensation the stenographer is entitled to for attendance
in taking the testimony and proceedings and furnishing a copy thereof
to the judge, is the *per diem* allowance prescribed by the statute and
to be certified by the judge.

On rule to show cause why a *mandamus* should not issue
to compel the defendants to pay the bill of the relator, the
official stenographer of Ocean county, incurred in the trial of
State *v.* Rockwell, in the Oyer and Terminer of that county.

Argued at November Term, 1885, before Justices DEPUE,
VAN SYCKEL and SCUDDER.

For the relator, *Frank Bergen.*

For the defendants, *I. W. Carmichael* and *Mark R. Sooy.*

Knight v. Freeholders of Ocean.

The opinion of the court was delivered by

. VAN SYCKEL, J. The relator is the official stenographer of Ocean county. At the request of the presiding judge of the Ocean Oyer and Terminer, he attended the trial of the indictment against Elson K. Rockwell and others for murder, and took notes and recorded *verbatim* all the evidence and proceedings.

After the trial he made out his bill, which was verified by him and approved by the presiding judge.

The bill included four classes of items, viz. :

1. Attendance at the trial.
2. Copy of evidence and charge, for the court.
3. Copy of evidence and proceedings, for the prosecutor of the pleas.
4. Transcribing and assistance, for Mr. Lindabury, of counsel with the state, in preparing his argument.

The board of freeholders allowed and paid the relator a portion of his bill, which he received and credited on his account.

This proceeding is to compel the board to pay the balance of the relator's claim.

The proceedings taken by the board upon Mr. Lindabury's bill were likewise taken with respect to the bill of the relator.

For the reasons given by Mr. Justice Depue, in the case of *Lindabury* v. *Freeholders of Ocean,* 18 *Vroom* 417, it must be held that *mandamus* is the appropriate remedy for the relator in this case.

The questions to be disposed of in this case involve the construction and effect of sections 250 and 251 of the Practice act, (*Rev., p.* 887,) and section 100 of the Criminal Procedure act. *Rev., p.* 286.

Section 250 of the Practice act authorizes the judge of the Circuit Court to appoint a stenographic reporter, " whose duty it shall be to attend all trials in said Circuit Court, and in the Court of Oyer and Terminer, and exactly and truly take notes and record, *verbatim,* all the evidence and proceedings, under the direction of said judge, except the arguments of

counsel upon such trials, and, when requested, make and furnish true reports thereof to the judge and to each party in such cause."

Section 251 provides that "the compensation of such reporter shall not exceed $10 per day, which sum shall be paid by the board of chosen freeholders of said county, on certificate of said judge as to the number of days upon which he shall be employed, provided that the said reporter shall, for reports of evidence and other proceedings by him furnished, be paid by the party in such case requesting the same, at the rate not to exceed ten cents for one hundred words."

The stenographer being an officer whose official duties are prescribed, and whose compensation for the performance of such duties is fixed by statute, he is subject to the rule of law established in *Evans* v. *City of Trenton*, 4 *Zab.* 764, that an officer who receives a fixed salary must perform all the duties of his office for that salary, however inadequate, and cannot recover extra compensation for his services.

This rule was enforced in the *State, Hoxsey, pros.,* v. *City of Paterson,* 11 *Vroom* 186.

In the first place it is contended, on the part of the defendants, that the judge's certificate is conclusive only as to the number of days upon which the stenographer attended, and not as to the *per diem* allowance and the rate to be charged for the copies furnished, but that it is the province of the board of freeholders to fix the relator's compensation within the limits prescribed by the statute.

The duty of fixing the rate of compensation for attendance and copies is one arising by implication. That authority is not, in express language, vested either in the freeholders or in the court.

The stenographer is an officer of the court.

At common law all fees allowed by act of parliament become established fees, and the several officers entitled to them may maintain actions of debt for them; also such fees as have been allowed by the courts of justice to their officers for their labor and attendance are established fees, and parties cannot

be deprived of them without an act of parliament. 4 *Bac. Abr.* 166, *tit.* " *Fees,*" *A.*

In an action against an under-sheriff for taking £20 above his fees, *contra formam statuti,* the defendant gave in evidence that this sum was a bar fee assigned by the court by their discretion in consideration of the great charge which the sheriff had in keeping, bringing and carrying back the prisoners, and in keeping the number of servants to carry them, and in attendance for fear of escapes ; and the clear opinion of the justices was that the £20 for a bar fee was out of the statute. 13 *Vin. Abr.* 145, *tit.* " *Fees,*" *A.*

Independent of this common law prerogative of courts of justice, the statute confers upon the judge of the Circuit Court, whenever in his discretion it shall seem proper, the power to employ a stenographic reporter. Authority to employ necessarily implies and carries with it the right to fix the compensation. If that right is withheld, the authority to employ cannot be exercised.

If the freeholders may fix the compensation of the stenographer, then, if they should consider a stenographer unnecessary, they may, by making the remuneration so small that a competent person cannot accept it, deprive the judge of the power which the statute gives him " to employ a competent reporter whenever in his discretion it shall seem proper."

Thus the authority could be exercised, not in the discretion of the judge, but only with the concurrence and approval of the board of freeholders.

A principal who authorized an agent to employ men for his service could not reasonably 'expect him to execute his commission successfully without agreeing for the wages to be paid, and he would not be permitted to•repudiate the contract of his agent, made within reasonable limits, upon the ground that he had not expressly charged him to stipulate for the amount of compensation.

It must be presumed that in employing the stenographer the terms of compensation were understood. It will be quite unreasonable to impute to the law-maker the idea that a sten-

ographer would consent to serve for such compensation as the freeholders might afterwards choose to give him, with no minimum price fixed by law. If the freeholders have the right to fix the compensation, he would be bound to accept it, however inadequate.

Authority under an act of the legislature to a municipal corporation to employ a surveyor or engineer to lay out streets or establish grades, would undoubtedly carry with it, as incident to the power to employ, the right to contract for the service to be rendered and the price to be paid.

We are therefore of the opinion that by this statute authority is given to the judge of the Circuit Court to fix the *per diem* allowance and also the rate per folio for copies, within the statutory limitations, to be paid to the stenographer, and that his certificate thereof is conclusive.

In the second place, the respondent challenges the legality of the charge for copies of the evidence and proceedings furnished to the counsel for the state, and for services rendered to them in preparing for the argument of the cause.

The sections of the Practice act, before referred to, apply to the Court of Oyer and Terminer.

It is thereby made the duty of the stenographer to furnish a *verbatim* copy of all the evidence and proceedings, except the arguments of counsel, to each party in such cause, on request, and for such copies the statute expressly provides that he shall be paid, by the party requesting the same, at the rate not to exceed ten cents per folio.

The legal representative of the state requested the copy, and therefore the state must pay for it, unless the absurd construction is adopted that the state is not a party to a criminal trial.

The state is as clearly a party as the defendants who are on trial. In many cases the prosecutor of the pleas would not faithfully discharge his duty if he did not procure a copy of the proceedings to guide him in the conduct of the cause. The stenographer, by the terms of the statute, is to be paid for copies. The prosecutor is not a party to the trial, and he is not required to pay. If the copy could not be procured at

the expense of the county, it would be the duty of the judge to give the prosecutor time to write down the testimony for himself, and thus the expenses of a criminal trial would be doubled by the delay occasioned. The state is the party within the meaning of the act upon which the duty falls to make the requisite compensation.

A copy of all the evidence and proceedings at the trial, except the arguments of counsel, includes the charge of the court.

In this case there can be no doubt that exceptions were taken to the instructions of the court to the jury, and it was not only the right of the prosecutor, but his clear duty, to procure a copy of the charge, that he might understand the questions involved in the event of further litigation.

For copies of the evidence and charge, the relator is entitled to be paid by the board of freeholders.

For transcribing and assisting the prosecutor's associate, the relator is also entitled to be paid, as necessary expenses incurred by the state, incident to the administration of justice.

The immense amount of labor necessarily devoted to the daily preparation and conduct of a cause of the magnitude and duration of the one in which these services were rendered, left little time to prepare for the summing up.

The assistance of the stenographer, in transcribing and collating material portions of the testimony, was a valuable service to the state. A party to a civil suit would not hesitate to allow his counsel to avail himself of such important assistance.

The denial of it on behalf of the state could not be justified on the part of those who are responsible for the due administration of the criminal law.

As to all these matters the certificate of the judge is conclusive, and it is the duty of the board of freeholders to pay the charges as certified. *Lindabury* v. *Freeholders of Ocean, supra.*

The claim for copy of the evidence and charge, for the court, remains to be disposed of.

The relator, in defence of his claim, sets up that the practice in other counties has been for the freeholders to pay this charge upon the certificate of the judge. It was in pursuance of the practice which has thus prevailed that the judge certified this part of the relator's bill.

The statute in this respect has not hitherto received judicial construction. The case before us must be settled upon the correct interpretation of the language used by the legislature, and not by the practice which has been adopted under it.

The evidence taken under this rule shows that the relator incurred extraordinary expense in the employment of a number of assistants, in order to have prepared from day to day transcripts of the testimony in this important trial, and the relator also relies upon this fact to support his claim.

There is no doubt that if he had undertaken without assistance to discharge the duties imposed upon him in this case, much more time would necessarily have been occupied in the trial, and the expenses of the state correspondingly increased.

He has in this view an equitable claim to be reimbursed by the county for these expenses, which were large, but upon this rule we are required to pass upon the legal rights and obligations of the parties, and not upon moral obligations.

Section 250, in designating the persons to whom the stenographer is to furnish the copies of the evidence and proceedings, mentions the judge and the parties to the cause; he is to make and furnish true reports thereof to the judge and to each party in such cause. Section 251, which provides the compensation for performance of these duties, that is, attendance at the trial, taking the evidence and proceedings and making and furnishing reports thereof to the judge and to each party in the cause, omits mention of compensation for the copy furnished the judge.

This section provides that the compensation of such reporter, which must mean the compensation for the services required in the preceding section, shall be the *per diem* to be paid by the freeholders, with a proviso that he shall also be paid at the specified rate per folio for copies of the evidence

and proceedings furnished to the parties in the cause, to be paid by the party in the cause requesting the same.

Under the decision of the Court of Errors in Evans *v.* City of Trenton, before cited, the compensation thus specifically provided must be treated as the only compensation the relator is entitled to have for attendance in taking testimony and furnishing copies of the proceedings to the judge.

He is not therefore entitled to an allowance of the claim for furnishing a copy of the evidence and charge to the court.

The rule that the relator is not entitled to a peremptory *mandamus* unless he establishes his right to the whole of the relief demanded by the alternative writ does not apply to rules to show cause. In such cases the court will mould the rule so as to award the writ in terms applicable to the relief the relator is entitled to. *Queen* v. *Sandwich,* 2 *Q. B.* 895, 907.

For the entire claim as certified, less the charge for copies furnished the judge, and less the payment on account, about which there is no dispute, with interest from May 11th, 1885, the relator is entitled to a peremptory *mandamus.*

The relator, having established his right to a *mandamus,* is also, as in other cases, entitled to costs.

No certificate having been made to the county collector, and no demand made upon him, the right of the relator to compensation for copies furnished to the court, under the act of March 27th, 1874, (*Pamph. L., p.* 113,) has not been considered.

A re-argument was ordered in this case, as to the effect of the act of March 27th, 1874, (*Pamph. L., p.* 113,) and the following opinion was delivered by

VAN SYCKEL, J. The question whether, under the act of 1874, the Circuit judge can direct compensation to be made to the stenographer for a copy of proceedings furnished to the court, is not properly before the court in this case.

The act of 1874 requires the county collector to pay for such copy upon the certificate of the Circuit judge.

No such certificate has been made to the county collector, and no demand has been made upon him. Therefore *mandamus* cannot issue for that part of the claim at this time, even if a construction favorable to the relator is the true one.

The question can be raised by an application to the Circuit judge for a certificate to the county collector. If the Circuit judge considers it a question of doubt, he may certify for the advisory opinion of the Supreme Court, whether he has power to grant such allowance.

For that part of the relator's bill allowed by the opinion of this court, filed December 12th, 1885, a peremptory *mandamus* will issue, as in said opinion is directed.

Justices Depue and Scudder concur in this disposition of the case.